IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joe E. Gaillard, ) | C/A No. 0:12-2962-TMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden, *Broad River Correctional Institution*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

    Petitioner Joe E. Gaillard ("Gaillard"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 9.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Gaillard was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 10.) Gaillard filed a response in opposition to the respondent's motion. (ECF No. 14.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Gaillard's Petition denied.

**BACKGROUND**

    Gaillard waived indictment by the Greenville County Grand Jury in November 2008 for murder (08-GS-23-8393), possession of a weapon during the commission of a violent crime (08-GS-23-8393), and armed robbery (08-GS-23-8394). (App. at 115-18, ECF No. 8-1 at 117-20.) Gaillard was represented by John Mauldin, Esquire, and on November 2, 2008 pled guilty to the charges of

murder and possession of a weapon during the commission of a violent crime, and entered an Alford[1] plea on the charge of armed robbery.  (See App. at 3, ECF No. 8-1 at 5.)  The circuit court sentenced Gaillard to forty years' imprisonment for murder, thirty years' imprisonment for armed robbery, and five years' imprisonment for possession of a weapon during the commission of a violent crime. (App. at 38, ECF No. 8-1 at 40.)

Gaillard did not file a direct appeal.  On July 27, 2009, Gaillard filed an application for post-conviction relief ("PCR").  (App. at 41-47, ECF No. 8-1 at 43-49.)  The state circuit court denied and dismissed with prejudice Gaillard's PCR application.  Gaillard appealed, and the South Carolina Court of Appeals denied Gaillard's petition for a writ of certiorari.  (ECF No. 8-8.)

**FEDERAL HABEAS ISSUE**

Having exhausted his state remedies, Gaillard asserts the following issue in the instant petition for a writ of habeas corpus:

> **Ground One:**  Ineffective Counsel
> **Supporting Facts:**  My attorney convinced my mother and daughters that I definitely would receive the death penalty if I went to trial.  They came to me crying and begging for me to plead guilty, which I did.

(Pet., ECF No. 1 at 5.)

**DISCUSSION**

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing

---

[1] See North Carolina v. Alford, 400 U.S. 25 (1970).



to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

PJG

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner



must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Respondent's Motion for Summary Judgment**

Gaillard argues that plea counsel was ineffective in informing his mother and daughters that they should convince Gaillard to plead guilty because he would otherwise receive the death penalty, and that as a result of his family "crying and begging," Gaillard pled guilty. For the reasons that follow, the court finds that the PCR court's rejection of this claim did not unreasonably misapply clearly established federal law; nor was it based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").



To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' "[2] Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. at 788. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)). The Court instructed that the standards created under Strickland and § 2254(d)

---

[2] The court observes that the United States Supreme Court recently addressed the prejudice prong of the Strickland test where the plea offer has lapsed or been rejected due to counsel's deficient performance. Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376 (2012). However, the Court reaffirmed that the Hill analysis continues to apply to cases "where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial." Frye, 132 S. Ct. at 1409.



are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Court of Appeals. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland/Hill test in determining that no Sixth Amendment violation occurred.

With regard to the issue raised in this Petition, Gaillard testified at the PCR hearing that he did not dispute that he killed the victim; rather, the crux of Gaillard's allegation was that in hindsight he believed, contrary to plea counsel's advice to him and his family, that his case was not a strong case for the death penalty. The PCR court accurately described the testimony presented. Gaillard's testimony included statements that: he killed the victim because he believed his life was in danger; he was smoking marijuana and using cocaine very heavily during that time; and he was unaware that the victim was a state witness until after he was incarcerated. Gaillard testified that he met with plea counsel and his assistants on multiple occasions and although he did not remember seeing any

discovery, plea counsel discussed it with him. Gaillard also testified that plea counsel met with his mother and children and after the meeting they "came back crying and upset saying you need to plead, you need to take the plea because you are going to get the death penalty." (App. at 65-66, ECF No. 8-1 at 67-68.) Gaillard stated that plea counsel told him that he "had killed a state witness and that was an automatic death penalty and [Gaillard] would get either life or death . . . ." (App. at 66, ECF No. 8-1 at 68.) Gaillard indicated that with the knowledge he has now, he would not have pled guilty. Gaillard indicated that when he pled guilty he was under the impression that he would otherwise receive the death penalty, but Gaillard stated to his knowledge neither he nor plea counsel received notice that the solicitor intended to seek the death penalty. (App. at 70, ECF No. 8-1 at 72.)

Gaillard's mother and one of his daughters testified that plea counsel informed them that the State would pursue the death penalty, that at trial Gaillard would receive either a life sentence or the death penalty, and that he wanted them to convince Gaillard plead guilty.

Plea counsel testified that he reviewed discovery with Gaillard and that there was a taped confession. Plea counsel stated that although Gaillard explained that he killed the victim because he feared his life was in danger, plea counsel informed Gaillard that duress was not a defense available in this case. Plea counsel testified that the State could pursue the death penalty in this matter based on either of two aggravating factors with the murder: (1) armed robbery, or (2) that the victim was a state witness in a pending criminal trial against a woman with whom Gaillard was involved. Plea counsel stated that he would have encouraged Gaillard's family to talk to Gaillard about accepting the plea to avoid the State's seeking the death penalty. Plea counsel further indicated that based on his review of the case and indications from the State, he believed that the



death penalty was a viable possibility and "any chance of getting a sentence of less than life in prison would be the result of a plea, not a trial." (App. at 94-95, ECF No. 8-1 at 96-97.)

In rejecting Gaillard's allegation that plea counsel was ineffective, the PCR court found that Gaillard's testimony was not credible, and that plea counsel's testimony was credible. The PCR court further found "plea counsel adequately conferred with [Gaillard], conducted a proper investigation and was thoroughly competent in his representation." (App. at 112, ECF No 8-1 at 114.) The PCR court observed that during plea colloquy, Gaillard admitted that he was guilty of murder and the weapons charge and that he wanted to enter an Alford plea on the armed robbery charge. Gaillard indicated that he understood by pleading guilty he was waiving certain rights, that he was satisfied with plea counsel, and that he had not been coerced. The PCR court found that Gaillard also failed to demonstrate that plea counsel did not review the discovery material or the State's evidence with him. The PCR court found that "plea counsel and [Gaillard] discussed potential defenses and that the defenses of duress and self-defense were not available." (Id.)

With regard to plea counsel's advice on the death penalty, the PCR court found the following:

> [Gaillard] failed to meet his burden of proving plea counsel misadvised him about the possibility that he was facing the death penalty. This Court finds that, based upon the facts of this case, the State serving notice of intent to seek the death penalty was a real possibility. This Court finds plea counsel properly advised [Gaillard] that the State could have pursued the death penalty under two bases. First, the State may pursue the death penalty if the murder is committed during the commission of an armed robbery. S.C. Code Ann. § 16-3-20(C)(a)(1)(d) (2003). While [Gaillard] argued he was innocent of armed robbery, plea counsel stated both that there was circumstantial evidence linking [Gaillard] to the armed robbery and that [Gaillard] had admitted to moving the victim's truck. Second, the murder victim was a State witness in the pending criminal prosecution of [Gaillard's] girlfriend. S.C. Code Ann. § 16-3-20(C)(a)(11) (2003). In addition, [Gaillard] gave a videotaped statement in which he confessed to the murder. Based upon these facts, plea counsel was not ineffective in advising [Gaillard] that the State could pursue the death penalty. As



such, plea counsel was not ineffective in both advising [Gaillard] to plead guilty and asking his family to speak to him about entering a guilty plea.

(App. at 112-13, ECF No. 8-1 at 114-15.)  Therefore, the PCR court concluded that Gaillard had failed to prove either prong of the Strickland test.

Upon thorough review of the parties' briefs and the record in this matter, the court finds that Gaillard cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings.  See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1).  As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable.  This is different from asking whether defense counsel's performance fell below Strickland's standard."  Harrington, 131 S. Ct. at 785.  In response the respondent's motion for summary judgment, Gaillard appears to reiterate some of his testimony presented to the PCR court and focus specifically the impact his medical condition and drug use may have had on his "frame of mind" at the time the crimes were committed.[3]  (ECF No. 14 at 1.)

Upon careful review of the transcript and the PCR court's order, the court also concludes that Gaillard has not clearly shown that the PCR court's credibility determinations were without support. See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir.

---

[3] To the extent that Gaillard is requesting that the court consider additional evidence in support of his claim, the court observes that its review for habeas corpus purposes is generally limited to the evidence that was placed before the state court.  See Cullen v. Pinholster, 131 S. Ct. 1388, 1398, 1400 n.7 (2011); see also 28 U.S.C. § 2254(d)(2).  Gaillard has not established that any exception to this general rule applies here.  See Cullen, 131 S. Ct. at 1400-01; see also 28 U.S.C. § 2254(e)(2).



2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)).  Additionally, for all of the reasons discussed by the PCR court, Gaillard has failed to establish that plea counsel's actions were error, much less that they were objectively unreasonable such that it rendered his performance deficient.  Therefore, Gaillard has not shown that the PCR court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable.  See Williams, 529 U.S. at 410; see also Harrington, 131 S. Ct. at 785.

## RECOMMENDATION

Based on the foregoing, the court recommends that the respondent's motion for summary judgment (ECF No. 9) be granted and Gaillard's Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 26, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).