IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Joe E. Gaillard, | ) | |
| | ) | Civil Action No. 0:12-2962-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Warden, *Broad River Correctional Institution*, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

This matter is before the court on Joe E. Gaillard's ("Gaillard") petition, pursuant to 28 U.S.C. § 2254, for a writ of habeas corpus based on the ineffective assistance of his plea counsel. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, the case was referred to a magistrate judge for all pre-trial proceedings. The Warden moved the court for summary judgment on December 17, 2012, (ECF No. 9) and Gaillard responded on January 23, 2013 (ECF No. 14). The magistrate judge carefully considered both submissions and filed her Report and Recommendation ("Report"), recommending that the court grant the Warden's motion for summary judgment.[1] (ECF No. 17.) Gaillard timely filed his objection to the Report (ECF No. 19) and the case is now ripe for the court's review. The court fully adopts the Report and incorporates it herein. However, the court will address Gaillard's objection.

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### I. Background

On November 2, 2008, Gaillard pled guilty to murder and possession of a weapon during the commission of a violent crime, and entered an *Alford* plea[2] to the charge of armed robbery. Gaillard did not directly appeal, but did file an application for post-conviction relief. The circuit court denied his application and the South Carolina Court of Appeals denied his subsequent petition for a writ of certiorari. In his habeas petition, Gaillard asserts ineffective assistance of counsel, arguing that his plea counsel used his mother and daughters to convince him to plead guilty, rather than proceed to trial, and that plea counsel failed to consider Gaillard's medical history before recommending that Gaillard plead.

### II. Legal Standard

To state a claim for ineffective assistance of counsel, a petitioner must show that: (1) his counsel was deficient in his representation and (2) the petitioner was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first element, a petitioner must show that his trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id*. To satisfy the second element, if the petitioner is a habeas petitioner who pled guilty in the state action, he must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

When a federal habeas court reviews a state court's determination of an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

---

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

### III. Discussion

Gaillard raises only one objection to the Report: that it does not adequately address his assertion that his plea counsel did not consider his mental state at the time of his crimes. Gaillard appears to contend that, had his counsel researched his medical history, he could have discovered a possible competency issue and counseled Gaillard to proceed to trial, rather than plead guilty. In support of this claim, Gaillard attached pages from his medical history to his response in opposition to the Warden's motion for summary judgment. (ECF No. 14-1.) However, to the court's knowledge, these attachments were never part of the state court record.

First, the court reiterates the Report's observation that the court's habeas review is generally limited to the evidence that was also before the state court. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398, 1400 n.7 (2011). While there are some exceptions, Gaillard has not asserted that any is applicable here.

Second, the court finds that the state court did not unreasonably misapply applicable federal law or base its conclusions on an unreasonable determination of the facts with regard to this claim. Plea counsel based his recommendation to accept a plea, in part, on two aggravating circumstances in Gaillard's case: armed robbery and that the victim was a state witness in a pending criminal trial against a woman with whom Gaillard was involved. These circumstances could have prompted the State to seek the death penalty, or at least a life sentence, if the case proceeded to trial. Gaillard's alleged altered mental state would not have mitigated these aggravating circumstances. Accordingly, even if the state court had an opportunity to review Gaillard's new assertions as to his frame of mind it still could have reasonably concluded that Gaillard's attorney reasonably performed his duties and provided adequate representation.

## IV. Conclusion

Therefore, after a thorough review of the record, including the Warden's motion for summary judgment, Gaillard's response, the Report, and Gaillard's objection to the Report, the court grants the Warden's motion for summary judgment (ECF No. 9).

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Court Judge

May 6, 2013
Anderson, South Carolina